# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 20-1918V**
UNPUBLISHED

| | |
|---|---|
| ALAN OKA,<br><br>               Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: August 15, 2022<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for
    Petitioner.*

*Katherine Carr Esposito, U.S. Department of Justice, Washington, DC, for
    Respondent.*

## DECISION AWARDING DAMAGES[1]

On December 21, 2020, Alan Oka filed a petition for compensation under the
National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the
"Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine
administration ("SIRVA"), a defined Table Injury, after receiving the influenza ("flu")
vaccine on October 26, 2019. Petition at 1, ¶¶ 1, 4. The case was assigned to the Special
Processing Unit of the Office of Special Masters.

On August 15, 2022, a ruling on entitlement was issued, finding Petitioner entitled
to compensation for her SIRVA. In this case, Respondent filed a combined Rule 4(c)
Report and Proffer on award of compensation ("Rule 4(c) Report and Proffer") indicating

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am
required to post it on the United States Court of Federal Claims' website in accordance with the E-
Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic
Government Services). **This means the Decision will be available to anyone with access to the
internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact
medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.
If, upon review, I agree that the identified material fits within this definition, I will redact such material from
public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease
of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. §
300aa (2012).

Petitioner should be awarded $83,164.75, representing $82,500.00 for his pain and suffering and $664.75 for his unreimbursed expenses. Rule 4(c) Report and Proffer at 5-6. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Rule 4(c) Report and Proffer.

Pursuant to the terms stated in combined Rule 4(c) Report and Proffer,[3] **I award Petitioner a lump sum payment of $83,164.75, representing $82,500.00 for his pain and suffering and $664.75 for his unreimbursed expenses[4] in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Because the Rule 4(c) Report and Proffer contains detailed medical information, it will not be filed as an attachment to this Decision.

[4] The Rule 4(c) Report and Proffer does not indicate which portion of these amounts is designated as past pain and suffering and expenses versus future.

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.